## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Yash Havalimane, | |
| *Plaintiff,* | Case No. 4:25-cv-02888 |
| v. | |
| Up-Business.top, Radhika Gupta, and John Does 1 – 20, | **Discovery & Case Management Plan** |
| *Defendants.* | |

Plaintiff Yash Havalimane submits this Discovery and Case Management Plan in accordance with the Court's prior Order. As detailed below, the unique circumstances of this case are such that Mr. Havalimane does not presently have the ability to serve the Defendants, who he alleges are a syndicate of foreign cybercriminals. Accordingly, this discovery and case management plan is submitted solely on Mr. Havalimane's behalf and from his perspective.

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The Rule 26(f) conference has not been held for the reasons alluded to above. Mr. Havalimane alleges that the defendants are a syndicate of foreign cybercriminals. He does not presently have knowledge of their whereabouts and thus does not have the ability to serve them by traditional means.

At the time he filed this case, Mr. Havalimane submitted a Motion for Temporary Restraining Order and Expedited Discovery seeking the ability to issue subpoenas to third parties likely to be in possession of information about the Defendants' identities, locations,

and contact information. This motion remains pending. If the Court sees fit to grant the relief requested therein, Mr. Havalimane intends to promptly issue subpoenas and gather additional information about the Defendants. In all likelihood, he will subsequently add additional persons as defendants in this matter and file a motion or motions seeking to serve the defendants by alternate means.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

Mr. Havalimane is not aware of any related cases.

**3.     Briefly describe what this case is about.**

Mr. Havalimane alleges that he was the victim of what is known as a "pig-butchering scam." This is a type of cyber-scam to which Americans are presently losing billions of dollars each year. As part of this scam, the Defendants tricked Mr. Havalimane into 'investing' through a fraudulent online platform and ultimately succeeded in stealing $3.1 million worth of his savings in the form of various cryptocurrencies.

Mr. Havalimane has retained a professional investigator who has 'traced' the cryptocurrency assets he sent to the Defendants through the blockchain. As detailed in Mr. Havalimane's pending Motion for Temporary Restraining Order, this tracing revealed that the assets he alleges were stolen from him were ultimately transferred to accounts controlled by the Defendants at several "off ramp" exchanges. In the near term, Mr. Havalimane seeks to freeze these accounts. In the long term, he seeks to recover his assets and obtain damages for racketeering, conversion, and fraud.

**4.     Specify the allegation of federal jurisdiction.**

Mr. Havalimane alleges federal-question jurisdiction under 28 U.S.C. § 1331 based on claims brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).

**5.     Name the parties who disagree and the reasons.**

No defendants have yet appeared.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Complaint includes 20 John Doe defendants. Additional individuals or entities may be added as discovery reveals the identities of co-conspirators.

**7.    List anticipated interventions.**

None are anticipated.

**8.    Describe class-action issues.**

This matter is not a class action.

**9.    State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

For the reasons described above, a Rule 26(f) conference has not been held and initial disclosures have not been completed.

**10.    Describe the proposed agreed discovery plan.**

For the reasons described above, a proposed discovery plan has not been agreed to.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

**12.    State the date the planned discovery can be reasonably completed.**

A reasonable proposed deadline would be June 9, 2026, as reflected in the attached proposed scheduling order.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Settlement is likely to be difficult due to the unkown identities and locations of the Defendants.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

Mr. Havalimane seeks to engage in expedited discovery and promptly identify the perpetrators of the alleged scheme at issue.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Such resolution is not viable at this stage due to Defendants' unknown locations and identities.

**16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Mr. Havalimane does not object to proceeding before a magistrate judge.

**17.    State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand on all triable claims.

**18.    Specify the number of hours it will take to present the evidence in this case.**

Mr. Havalimane estimates that at a jury trial, all evidence could be presented within approximately 20 hours.

**19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Emergency Motion for *Ex Parte* Temporary Restraining Order and Order Authorizing Expedited Discovery (Dkt. 2, filed May 21, 2025).

**20.    List other motions pending.**

None at this time.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Discovery is likely to require subpoenas to cryptocurrency exchanges and internet service providers, account tracing, expedited discovery to preserve digital evidence, and *ex parte* temporary restraining orders to preserve assets for recovery without risking their

dissipation. Defendants' identities and wehreabouts are unknown, requiring special procedures to serve foreign or anonymous defendants.

**22.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

*For Plaintiff*: Marshal J. Hoda, TX Bar No. 2411009, The Hoda Law Firm, PLLC, 3120 Southwest Fwy Ste 101, PMB 51811, Houston, TX 77098, (832) 838-0036.

*For Defendants*: No appearances.

//

//

Dated:  July 29, 2025        Respectfully submitted,

The Hoda Law Firm, PLLC

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy Ste 101
PMB 51811
Houston, TX 77098
o. (832) 838-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  | § |  |
|---|---|---|
| YASH HAVALIMANE, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO.  4:25-cv-02888 |
| | § | |
| UP-BUSINESS.TOP, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

**PROPOSED <u>SCHEDULING/DOCKET CONTROL ORDER</u>**

Anticipated Length of Trial: __3__ Days            Jury: __X__ Non-Jury: _____

1.   (a)   NEW PARTIES shall be joined by:                       May 20, 2026
            The Attorney causing the addition of new parties will
            provide copies of this Order to new parties.

     (b)   **AMENDMENT TO PLEADINGS** by Plaintiff or
            Counter-Plaintiff shall be filed by:

                                                                 May 20, 2026

2.   EXPERT WITNESSES for the PLAINTIFF will be
     identified by a report listing the qualifications of each
     expert, each opinion that the expert will present, and the
     basis for it. DUE DATE:                                     June 23, 2026

3.   EXPERT WITNESSES for the DEFENDANT will be
     identified by a report listing the qualifications of each
     expert, each opinion that the expert will present, and the
     basis for it.  DUE DATE:                                    July 23, 2026

4.   DISCOVERY must be completed by:                             June 9, 2026
     Written discovery requests are not timely if they are filed
     so close to this deadline that the recipient would not be   (Due at least two weeks before
     required under the Federal Rules of Civil Procedure to      motions deadline)
     respond until after the deadline.

5.   DISPOSITIVE AND NON-DISPOSITIVE MOTIONS                     June 23, 2026
     (except motions *in limine*) will be filed by:
                                                                 (Due 90 days prior to Trial)

6.  JOINT PRETRIAL ORDER and MOTIONS *IN LIMINE* _____
    (The Court will fill in this date)                                    (Due the Monday before trial)

                                                                          September 21, 2026

7.  TRIAL will begin at 9:00 a.m.                                         (15 Months from the date case filed)
    (The Court sets a firm trial date)

_____          _____
Date                                     Keith P. Ellison
                                         United States District Judge


   **2025-07-29**                           **/s/ Marshal J. Hoda**
_____          _____
Date                                     Counsel for Plaintiff(s)


_____          _____
Date                                     Counsel for Defendant(s)